1200/18-7193.SYJ/db

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# URBANA DIVISION

| | |
|---|---|
| SARAH MILLER, as guardian and next friend of O.J., a minor, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| PATRICK HARTSHORN, KEVIN MASKEL, NICOLE ROUSE, LAURIE BERNARDI, UNKNOWN VERMILION COUNTY SHERIFF'S DEPARTMENT EMPLOYEES, and the COUNTY OF VERMILION, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |
| | ) Cause No. 2:18-cv-2050-CSB |
| PATRICK HARTSHORN, KEVIN MASKEL, NICOLE ROUSE, LAURIE BERNARDI, UNKNOWN VERMILION COUNTY SHERIFF'S DEPARTMENT EMPLOYEES, and the COUNTY OF VERMILION, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants/Third Party Plaintiffs, | )<br>) |
| v. | )<br>) |
| FARRAH JOHNSON, | )<br>) |
| Third Party Defendant. | ) |

## DEFENDANTS' JOINT MOTION TO CONSOLIDATE

NOW COMES, the Defendants, PATRICK HARTSHORN, KEVIN MASKEL, NICOLE ROUSE, LAURIE BERNARDI, UNKNOWN VERMILION COUNTY SHERIFF'S DEPARTMENT EMPLOYEES, and the COUNTY OF VERMILION, by and through their attorneys at HERVIS, CONDON & BERSANI and KNIGHT, HOPPE, KURNIK & KNIGHT,

1

LTD., and moves this Honorable Court, pursuant to Federal Rule of Civil Procedure 42, to consolidate the cases entitled <u>Farrah Johnson v. Patrick Hartshorn, et al.</u>, Cause No. 16-cv-2019 ("*Johnson* case") and <u>Sarah Miller v. Patrick Hartshorn, et al.</u>, Cause No. 2:18-cv-02050 ("*Miller* case"), and in support of their motion, states as follows:

1. The two cases in question arise out of the events that took place surrounding Plaintiff Farrah Johnson's labor and subsequent birth of her child, O.J., at the Vermilion County Jail.

2. Farrah Johnson brought, on her own behalf, a federal claim of denial of medical care under 42 U.S.C. § 1983 for the aforementioned events.  *See* Exhibit A.

3. Sarah Miller, as guardian and next friend of O.J., brought federal claims of denial of medical care, due process violations, failure to intervene, and conspiracy under 42 U.S.C. § 1983, as well as state law claims of negligent or willful and wanton conduct, *respondeat superior*, and indemnification.  *See* Exhibit B.

4. Under Federal Rule of Civil Procedure 42, a court may consolidate actions before the court if the actions "involve a common question of law or fact."  Fed. R. Civ. P. 42(a)(2).

5. Courts will consider "the similarity of questions of law and fact, the goals of judicial efficiency and avoidance of inconsistent verdicts, and whether consolidation will delay the proceeding, as well as the risk of jury confusion and impact of consolidation on each party's right to receive a fair trial."  *Iron Workers Mid-South Pension Fund on Behalf of Caterpillar Inc. v. Oberhelman*, 2014 WL 1302032, at *2 (C.D. Ill. Mar. 31, 2014) (internal citations omitted).

6. The *Johnson* case and the *Miller* case arise out of the same incident—the events surrounding the labor and subsequent birth of O.J.—and present a common question of law as to whether the common Defendants are liable for denial of medical care for such events.

7. The presence of additional claims in the *Miller* case should not preclude consolidation because the result of the shared question of law between the two cases will impact the potential liability associated with the additional claims.

8. Because the cases arise out of the same event, consolidation of the *Johnson* case and the *Miller* case is appropriate because the discovery to be produced in the *Miller* case will be the same as the evidence already produced in the *Johnson* case and the proceedings will not be delayed because of consolidation.

9. Judicial resources will be preserved through consolidation because the Court will not have to hear two separate cases regarding the same incident and judicial economy outweighs any slight hardship a party may have concerning the attendance of trial in which the party is not primarily involved.

10. After consolidation, in the event that a party believes they will be prejudiced in terms of the right to a fair trial, the Court has the power to order severance of a party or an issue pursuant to Federal Rule of Civil Procedure 42(b).

WHEREFORE, for the foregoing reasons, and the reasons set forth in Defendants' Memorandum of Law contemporaneously filed within, the Defendants respectfully request that this Court grant their Motion to Consolidate and/or for any other relief deemed just and proper in the premises.

Respectfully submitted,

/s/ Elizabeth A. Knight
Elizabeth A. Knight
Byron D. Knight
Jenna K. Throw
Attorney for DEFENDANT, KEVIN MASKEL
Knight, Hoppe, Kurnik & Knight, Ltd.
833 West Lincoln Highway, Suite 340E
Schererville, IN  46375

>Tel: 219/322-0830
>Fax: 219/322-0834
>Email: Eknight@khkklaw.com
>       Bknight@khkklaw.com
>       Jthrow@khkklaw.com
>
>/s/ Michael W. Condon
>Michael W. Condon
>Jason Rose
>Attorney for DEFENDANTS BERNARDI, ROUSE, HARSHORN, VERMILION COUNTY, AND UNKNOWN VERMILION COUNTY SHERIFF'S DEPARTMENT EMPLOYEES
>Hervas, Condon & Bersani, P.C.
>333 W. Pierce Road, Suite 195
>Itasca, IL 60143-3156
>630-773-4774
>Email: mcondon@hcbattorneys.com
>       jrose@hbcattorneys.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of June, 2018, I caused the foregoing pleading to be filed using the Court's CM/ECF system, which effected service on all counsel of record.

- Sarah C. Grady, sarah@loevy.com
- Rachel Elaine Brady, brady@loevy.com
- Michael W. Condon, mcondon@hcbattorneys.com
- Jason W. Rose, jrose@hcbattorneys.com
- Elizabeth A. Knight, eknight@khkklaw.com, kmeyer@khkklaw.com
- Byron D. Knight, bknight@khkklaw.com, kmeyer@khkklaw.com
- Jenna K. Throw, jthrow@khkklaw.com, dbotma@khkklaw.com

>/s/ Elizabeth A. Knight