E-FILED
Friday, 22 June, 2018  10:26:15 AM
Clerk, U.S. District Court, ILCD

1200/18-7193.SYJ/db

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

| | |
|---|---|
| SARAH MILLER, as guardian and next friend of O.J., a minor,<br><br>    Plaintiff,<br><br>v.<br><br>PATRICK HARTSHORN, KEVIN MASKEL, NICOLE ROUSE, LAURIE BERNARDI, UNKNOWN VERMILION COUNTY SHERIFF'S DEPARTMENT EMPLOYEES, and the COUNTY OF VERMILION,<br><br>    Defendants.<br>_____<br>PATRICK HARTSHORN, KEVIN MASKEL, NICOLE ROUSE, LAURIE BERNARDI, UNKNOWN VERMILION COUNTY SHERIFF'S DEPARTMENT EMPLOYEES, and the COUNTY OF VERMILION,<br><br>Defendants/Third Party Plaintiffs,<br><br>v.<br><br>FARRAH JOHNSON,<br><br>Third Party Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Cause No. 2:18-cv-2050-CSB<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO CONSOLIDATE

### INTRODUCTION

This Court should grant Defendant's Motion to Consolidate because the cases arise out of

the same incident, discovery will be duplicative without consolidation, and judicial economy will

1

be promoted.  Federal Rule of Civil Procedure 42(a) permits consolidation when the cases involve a common question of fact or law, which is present here because the controlling incident in both of the cases is the events surrounding the labor and birth of O.J.  As such, the discovery in both actions will produce the same evidence concerning the shared claim.  As a result of consolidation, judicial resources will be preserved and judicial economy promoted, outweighing any hardship to the parties.  As set forth in more detail below, this Court should consolidate the cases entitled Farrah Johnson v. Patrick Hartshorn, et al., Cause No. 16-cv-2019 and Sarah Miller v. Patrick Hartshorn, et al., Cause No. 2:18-cv-02050.

## MATERIAL ALLEGATIONS

The Plaintiff in Farrah Johnson v. Patrick Hartshorn, et al., Cause No. 16-cv-2019 ("*Johnson* case") alleges substantially similar facts in her Second Amended Complaint [DE #26] as the Plaintiff in Sarah Miller v. Patrick Hartshorn, et al., Cause No. 2:18-cv-02050 ("*Miller* case") alleges in her Complaint [DE #1].

The common operative facts include that Farrah Johnson, who was about forty (40) weeks pregnant and past her due date, was arrested and brought to Vermilion County Jail on April 2, 2014.  [DE #1, ¶ 11]. Ms. Johnson began experiencing contractions late on April 5, 2014 and she told correctional officers, including Defendant Laurie Bernardi, that she was in severe pain, in labor, and suffering vaginal bleeding.  [DE #1, ¶ 16].  She asked to see the nurse, and despite the fact that the nurse was no longer in the jail, Defendants did not secure any medical attention for her.  [DE #1, ¶ 16].  After conveying to Defendants that the pain was worsening, Defendant Kevin Maskel told Defendant Bernardi that Ms. Johnson would not go anywhere until her water broke or the baby started to crown, which Ms. Johnson would know if either happened.  [DE #1, ¶ 17].  Ms. Johnson began leaking fluid from her vagina, reported same to Defendants, and Defendant Maskel

told Defendant Bernardi to have Ms. Johnson prove she was leaking with a feminine pad.  [DE #1, ¶ 18].

Defendant Rouse was called to Plaintiff's floor to assist, but did not provide any medical attention.  [DE #26, p. 10, 13].  Plaintiff subsequently gave birth to her child in an unsanitary cell and filthy toilet.  [DE #26, p. 10, 12].  After Defendant Maskel was made aware that the baby was born, he called an ambulance, which was thirty (30) minutes or more after he was made aware of her situation.  [DE #26, p. 12].  As a result of Defendants' conduct, Plaintiff suffered unnecessary pain and suffering and remains on back medication, Norco 10-325MG, to this day.  [DE #26, p. 12]. Plaintiff Sarah Miller alleges that as a result of the same facts, O.J. periodically uses a respirator, suffers developmental delays, and was slow to meet developmental milestones.  [DE #1, ¶¶ 29-30].

Stemming from such events, Plaintiff Farrah Johnson brought suit against Kevin Maskel, Laurie Bernardi, and Nicole Rouse.  Plaintiff filed three total Complaints, with the controlling Complaint being Docket Entry #26, her Second Amended Complaint.  In her Second Amended Complaint, Plaintiff brings a denial of medical care claim against all named Defendants.

Stemming from the same events, Plaintiff Sarah Miller brought suit against Patrick Hartshorn, Kevin Maskel, Nicole Rouse, Laurie Bernardi, Unknown Vermilion County Sheriff's Department Employees, and the County of Vermilion.  In Counts I and II, Plaintiff brings a denial of medical care claim (Count I) and a due process claim (Count II) against Defendants Hartshorn, Maskel, Rouse, and Bernardi.  In Counts III to V, Plaintiff brings a failure to intervene claim (Count III), a conspiracy claim (Count IV), and a state law negligence or willful and wanton conduct claim (Count V) against Defendants Maskel, Rouse, and Bernardi.  In Count VI, Plaintiff

brings a *respondeat superior* claim against Defendant Hartshorn and in Count VII, an indemnification claim against Vermilion County.

Plaintiffs have retained the same counsel in both cases, and Defendants are also represented by the same counsel in both cases. The same witnesses will be called to testify as to the events that occurred leading to the birth of O.J. in the Vermilion County Jail. The only difference lie in the named plaintiffs in each case and the claimed damages.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 42(a), a court may order consolidation of separate actions provided the actions before the court present a common question of law or fact.  Fed. R. Civ. P. 42(a)(2).   The trial judge has the discretion to determine whether the cases to be consolidated involve common factual or legal questions.  *Madigan, Inc. v. Goodman*, 57 F.R.D. 512, 514 (N.D. Ill. 1972).  When exercising the discretion to consolidate cases, "the Court should consider the policy that considerations of judicial economy strongly favor simultaneous resolution of all claims growing out of one event."  *U.S. Bank National Association v. Springfield Prairie Properties, LLC*, 2015 WL 13333510, at *1 (C.D. Ill. Dec. 16, 2015) (internal quotations omitted) (quoting *Ikerd v. Lapworth*, 435 F.2d 197, 204 (7th Cir. 1970)). Rule 42 "was designed and intended to encourage such consolidation where possible."  *U.S. v. Knauer*, 149 F.2d 519, 520 (7th Cir. 1945).  Convenience and judicial economy are promoted through the consolidation of actions involving common questions of law or fact.  *Midwest Community Council, Inc. v. Chicago Park Dist.*, 98 F.R.D. 491, 499 (N.D. Ill. 1983).  In addition, consolidation "promote[s] the aims of all the parties, economize[s] time and effort without circumscribing the opportunity for full litigation of all relevant claims."  *Id*.  However, consolidation of actions does not create a single cause of action, nor does it change any of the parties' rights, nor does it make parties in one cause, parties in the other cause.  *Id*.

Even though consolidating actions "is the best means of avoiding wasteful overlap when related suits are pending in the same court, the decision whether to consolidate is committed to the Court's discretion." *Iron Workers Mid-South Pension Fund on Behalf of Caterpillar Inc. v. Oberhelman*, 2014 WL 1302032, at *2 (C.D. Ill. Mar. 31, 2014) (internal citations omitted). Courts will consider "the similarity of questions of law and fact, the goals of judicial efficiency and avoidance of inconsistent verdicts, and whether consolidation will delay the proceeding, as well as the risk of jury confusion and impact of consolidation on each party's right to receive a fair trial." *Id.* (internal citations omitted). However, if a party's interests would be prejudiced as a result of consolidation, the court should not consolidate the cases. *Pactiv Corp. v. Multisorb Technologies, Inc.*, 2011 WL 686813, at *1 (N.D. Ill. Feb. 15, 2011).

## ARGUMENT

This Court should grant Defendant's Motion to Consolidate the *Johnson* case and the *Miller* case because both cases involve common questions of law and fact, discovery will not be duplicated if consolidated, and judicial resources will be preserved and judicial economy promoted.

## I.   CONSOLIDATION IS APPROPRIATE DUE TO THE PRESENCE OF COMMON ISSUES OF FACT AND LAW.

To consolidate, there must be a common question of fact or law between the actions to be consolidated. The *Johnson* case and *Miller* case involve the same facts concerning the same event—Plaintiff Farrah Johnson's birth to O.J. in the Vermilion County Jail—and share the same questions of law governing the liability that arises from the alleged constitutional deprivations stemming from the birth.

In particular, the following represents the common allegations present in both the *Johnson* Complaint and the *Miller* Complaint:

Plaintiff Farrah Johnson had been arrested and detained at the Vermilion County Jail prior to the event alleged in both Complaints, during which time she was pregnant and made such fact aware to the jail officials.  [*Johnson* DE #26, p. 9; *Miller* DE #1, ¶ 12].  In April 2014, Plaintiff Johnson was arrested and detained at the Vermilion County Jail; she was still pregnant and due to have her baby at any moment.  [*Johnson* DE #26, p. 9; *Miller* DE #1, ¶ 11].  Plaintiff Johnson was assigned to a dirty cell with a filthy toilet.  [*Johnson* DE #26, p. 12; *Miller* DE #1, ¶ 13].

When Plaintiff Johnson began having contractions, she conveyed this information to the correctional officers, including Defendant Bernardi, but no medical assistance was given at that time.  [*Johnson* DE #26, p. 9; *Miller* DE #1, ¶ 16].  Plaintiff Johnson's contractions worsened and on Defendant Maskel's orders, Defendant Bernardi told Plaintiff Johnson that she was not going anywhere at that time and to give her a feminine pad for the fluid and/or blood that may be present.  [*Johnson* DE #26, pp. 9-10; *Miller* DE #1, ¶¶ 17-18].  Due to the pain of her contractions, Plaintiff Johnson laid on the floor of her cell, which prompted her cellmate, Shavala Howard, to call for help.  [*Johnson* DE #26, p. 9; *Miller* DE #1, ¶ 19].  Defendants Bernardi and Rouse observed Plaintiff Johnson in pain and on the floor of her cell, yet did not provide any medical attention.  [*Johnson* DE #26, p. 10; *Miller* DE #1, ¶¶ 19-20].  Then, without any medical assistance, Plaintiff Johnson gave birth to her child, O.J., while sitting on the filthy toilet.  [*Johnson* DE #26, p. 12; *Miller* DE #1, ¶ 23].  Defendant Maskel called an ambulance at some point to transport Plaintiff Johnson and O.J. for medical attention.  [*Johnson* DE #26, p. 12; *Miller* DE #1, ¶ 25].

Here, both cases present common questions of fact stemming from the same event, the events surrounding the labor and subsequent birth of O.J., and, therefore, consolidation is appropriate.  As a result of said common questions of fact, both cases present a common question of law as to whether the Defendants are liable for denial of medical care in relation to the events

surrounding the labor and subsequent birth of O.J.  [*Johnson* DE #26, p. 13; *Miller* DE #1, ¶¶ 31-42].  Even though the *Miller* case has additional claims and differs slightly as to the question of liability, the presence of additional claims in either case is not fatal to consolidation.  *See National Nut Co. of Cal. v. Susu Nut Co.*, 61 F. Supp. 86, 86 (N.D. Ill. 1945) (holding that additional claims present in one case will not prevent consolidation because the defendant is a defendant in both actions and the resolution of the shared issue will impact both cases); *see also Magnavox Co. v. APF Electronics, Inc.*, 496 F. Supp. 29, 32 (N.D. Ill. 1980) (stating that different determinations of infringement does not preclude consolidation).

Here, the Defendants that are alleged to have personally participated in the Plaintiffs' alleged constitutional deprivations are the same in both cases—Defendants Maskel, Bernardi, and Rouse.  The potential liability attributed to the Defendants not present in the *Johnson* case is derived from the resolution of the liability of the common Defendants, as the claims asserted against the additional Defendants include *respondeat superior* and indemnification.  A determination as to whether each of the common Defendants are liable for the shared claim related to the alleged constitutional deprivations will impact the resolution of both cases, including the additional claims.

As such, consolidation should not be precluded due to the fact that the *Miller* case has six total counts in the Complaint, while sharing only one count with the *Johnson* case as to liability.  Rather, consolidation will be more convenient for the Court and the parties involved as there will be one case involving the liability related to the alleged constitutional deprivations, rather than two.  *See National Nut. Co. of Cal*., 61 F. Supp. at 86 (determining that one case involving the same question will be more convenient for the court and parties than separate cases).

Moreover, in *Browning v. GCA Service Group*, this Court expressed its strong inclination to grant consolidation in a very similar situation. *Browning v. GCA Service Group*, 2014 WL 65798, at *3 (C.D. Ill. Jan. 8, 2014) (Bruce, J.). In particular, the two cases to be consolidated involved different plaintiffs, the same question of law, the same facts, the same statements and actions on the part of the defendants, and the same evidence and witnesses. *Id*. at *2. Based upon these arguments, the Court stated that the plaintiffs had proffered compelling reasons for consolidation. *Id*. at *3. This Court later granted consolidation in a separate Order dated January 29, 2014. *Browning*, 12-cv-2258 at DE#91.

This case similarly involves a common question of law, the same facts, the same statements and actions on the part of Defendants, and the same or similar evidence and witnesses. Just as this Court noted in *Browning*, these are compelling reasons for consolidation. As mentioned above and more fully below, the presence of additional claims do not preclude consolidation and overall judicial economy favors consolidation. Particularly, consolidation preserves judicial economy by combining two trials, which are likely to each take up to two weeks, involving the same facts, witnesses, and counsel into one. Further, as discussed more fully below, the non-moving parties will not be prejudiced by consolidating the *Johnson* case and the *Miller* case, thereby warranting consolidation as the Court was inclined to do in *Browning*.

Thus, the *Johnson* case and the *Miller* case should be consolidated due to the presence of common questions of fact and law.

## II.      CONSOLIDATION WILL PROMOTE JUDICIAL EFFICIENCY AND AVOID DUPLICATION OF DISCOVERY.

Consolidating the *Johnson* case and the *Miller* case will prevent unnecessary duplication of litigation and will promote judicial efficiency. Because both cases allege constitutional deprivations arising from the labor and subsequent birth of O.J., the discovery involved in both

cases will produce the same evidence.  As a result, consolidation of the two cases will prevent superfluous efforts by the common Defendants as well as the Court.  *See Magnavox Co.*, 496 F. Supp. at 33 (holding that pretrial consolidation will stop the parties and courts from engaging in duplicative efforts).  Moreover, because the same event is at issue that produced the alleged constitutional deprivations, the analyses associated with such claim and the associated damages will be similar, as well as any proposed defenses.  *See Pactiv*, 2011 WL 686813, at *3 (explaining that the similarity between the discovery and damages analysis supports consolidation).  If defendants in both cases share a common defense, such shared defense warrants consolidation. *See General Teamsters, Chauffeurs and Helpers Union, Local No. 782 v. Blue Cab Co.*, 353 F.2d 687, 689 (7th Cir. 1965) (holding that the presence of a shared jurisdictional defense warrants consolidation).

In addition, the written discovery will be directed at the same issues and the parties in both cases will want to depose the same people.  As such, consolidating the cases and by extension, discovery, will promote efficiency.  *See Magnavox Co.*, 496 F. Supp. at 33 (stating that coordinating discovery of two cases that involve the same central issue will promote efficiency). Further, without consolidation, there is a risk of inconsistent rulings because of the overlap in discovery.  *Pactiv*, 2011 WL 686813, at *3.

However, the fact that the cases to be consolidated are at different stages in discovery does not preclude consolidation.  *See Magnavox Co.*, 496 F. Supp. at 33 (finding that delayed discovery will not prejudice the parties in the case in a more advanced stage of discovery because the discovery was confined to a particular issue); *U.S. v. City of Chicago*, 385 F. Supp. 540, 543 (N.D. Ill. 1974) (granting consolidation because the discovery started in one case involved in the potential consolidation and the other cases will likely duplicate such discovery).  Rather, if the

evidence to be produced in the case that is in the earlier stages of discovery will be that which has already been discovered in the more advanced case, consolidation is appropriate. *See Magnavox Co*., 496 F. Supp. at 33 (indicating that the parties opposing consolidation due to differences in discovery stages were already involved in litigation concerning the patent at issue, which did not preclude consolidation). In addition, if discovery is open in both cases, consolidation will not delay the proceedings even though the cases are at different stages of discovery. *See Pactiv*, 2011 WL 686813, at *4 (finding that despite the fact that one case had been pending for more than a year and the other case had just begun, consolidation was appropriate and would not cause delay).

Further, judicial resources will be preserved if the cases are consolidated, as the cases will have the same briefing and hearing schedules, preventing the Court from hearing the same arguments on the same issues multiple times. *Magnavox Co.*, 496 F. Supp. at 33. In addition, requiring the Court to hear two separate cases, involving most of the same parties and attorneys, concerning the same allegedly unconstitutional incident, would be a waste of judicial resources. *Pactiv*, 2011 WL 686813, at *3.

Here, consolidation of the *Johnson* case and the *Miller* case will prevent duplicative discovery. In particular, the *Johnson* case has conducted more discovery than in the *Miller* case, but based on the above analysis, the cases involve common questions of fact and law, which will undoubtedly cause discovery in the *Miller* case to mirror that of the *Johnson* case. However, the differences in stages of discovery is not fatal, because the evidence to be produced and the discovery to be conducted in the *Miller* case will track that of the *Johnson* case. Further, any additional discovery required in the *Miller* case regarding additional claims, defenses, and damages will not unnecessarily delay the proceedings. In addition, the judicial resources of this Court will be preserved as the Court will not require the Honorable Judge Bruce and the Honorable

10

Magistrate Judge Long to preside over the same issues resulting from the same event involved in two separate cases. *See U.S. Bank National Association*, 2015 WL 13333510, at *2 (finding that there is a risk of inconsistent rulings to have judges rule on the same issue in different cases).

Thus, as consolidation will preserve judicial resources, avoid duplicative discovery, and avoid unnecessary delay of the proceedings, the Court should consolidate the *Johnson* case and the *Miller* case.

## III. CONSOLIDATION WILL NOT PREJUDICE ANY PARTY, NOR CREATE ANY UNNECESSARY CONFUSION.

Consolidation of the *Johnson* case and the *Miller* case will not cause confusion, nor prejudice the parties' rights. First, both cases are derived from the same incident, so consolidation will not create confusion of the issues, as both cases involve the same basic claim. *See Madigan, Inc.*, 57 F.R.D. at 515 (stating that even though the cases involve complex issues, consolidation will not increase the complexity as the cases arise from the same transaction); *Adams v. Szczerbinski*, 329 Fed. Appx. 19, 22 (7th Cir. 2009) (providing that consolidation did not complicate the issues or confuse the jury as the claims arose out of Section 1983 and state law with the same factual background). Second, even "if one or all of the parties object," it is not dispositive as to whether consolidation may be granted. *Midwest Community Council, Inc.*, 98 F.R.D. at 500 (indicating that objections by the parties is not dispositive as to whether the cases will be consolidated).

Third, the consolidation of the two cases does not add any additional Defendants to the *Miller* case as the Defendants in the *Johnson* case (Defendants Maskel, Bernardi, and Rouse) are named Defendants in the *Miller* case. While the *Miller* case has three additional Defendants than in the *Johnson* case (Defendants Hartshorn, Unknown Vermilion County Sheriff's Department Employees, and Vermilion County), the case is still in the early stages of litigation and parties may

be dismissed.  In addition, Defendants Hartshorn and Vermilion County in *Miller* hold supervisory roles and/or an employment relationship over the common Defendants, which will not impact the liability of the common Defendants.  Thus, the additional Defendants that are not sued in the *Johnson* case will not create any prejudice for the common Defendants.  *See Adams*, 329 Fed. Appx. at 22 (holding that one additional defendant as a result of consolidation did not prejudice the plaintiff).  Further, "strict identity between the parties is not required for consolidation to be appropriate."  *U.S. Bank National Association*, 2015 WL 13333510, at *2.  The fact that there is "substantial overlap [is] more than enough to justify consolidation given the common questions of fact at issue."  *Id*.

Moreover, the Defendants are not likely to suffer any prejudice if the cases are consolidated as one Plaintiff will not receive any inflammatory or irrelevant information based on the other Plaintiff's claims, as the cases arise out of the same event and the discovery will be the same.  *See Little v. TMI Hospitality Inc.*, 2016 WL 9686075, at *2 (C.D. Ill. Feb. 4, 2016) (Long, J.) (holding that consolidation is not appropriate if doing so will permit plaintiffs to receive inflammatory information about the defendant related to the other plaintiffs' claims).

Last, in the event that a party believes that they will be prejudiced because of consolidation in terms of the right to a jury trial, Federal Rule of Civil Procedure 42(b) remedies such prejudice through the severance of a party or an issue.  *See Magnavox Co*., 496 F. Supp. at 32 (describing the remedy available if parties believe they are prejudiced because of consolidation through Federal Rule of Civil Procedure 42(b)); Fed. R. Civ. P. 42(b) (permitting the separate trials for certain issues or claims to promote convenience, avoid prejudice, or expedite proceedings). However, any such argument at this time is premature, as the evidence overwhelmingly favors consolidation due to the similarity in the questions of law and fact between the two cases.

**CONCLUSION**

In conclusion, this Court should consolidate the cases entitled <u>Farrah Johnson v. Patrick Hartshorn, et al.</u>, Cause No. 16-cv-2019 and <u>Sarah Miller v. Patrick Hartshorn, et al.</u>, Cause No. 2:18-cv-02050.  First, the underlying facts of the claims at issue are the same, as they arise out of the same incident, the events surround the labor and birth of O.J.  Second, the discovery of both cases will produce similar evidence and the parties will not be prejudiced due to differences in the stages of discovery.  Third, judicial economy will be promoted through consolidation, which outweighs any potential hardship to the parties.  Thus, this Court should grant Defendants' Motion to Consolidate for all of the above-stated reasons and/or for any relief deemed just and proper in the premises.

Respectfully submitted,

/s/ Elizabeth A. Knight
Elizabeth A. Knight
Byron D. Knight
Jenna K. Throw
Attorney for DEFENDANT, KEVIN MASKEL
Knight, Hoppe, Kurnik & Knight, Ltd.
833 West Lincoln Highway, Suite 340E
Schererville, IN  46375
Tel:  219/322-0830
Fax:  219/322-0834
Email:  Eknight@khkklaw.com
Bknight@khkklaw.com
Jthrow@khkklaw.com

/s/ Michael W. Condon
Michael W. Condon
Jason Rose
Attorney for DEFENDANTS BERNARDI,
ROUSE, HARSHORN, VERMILION COUNTY,
AND UNKNOWN VERMILION COUNTY
SHERIFF'S DEPARTMENT EMPLOYEES
Hervas, Condon & Bersani, P.C.
333 W. Pierce Road, Suite 195
Itasca, IL 60143-3156

13

630-773-4774
Email:  mcondon@hcbattorneys.com
jrose@hbcattorneys.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of June, 2018, I caused the foregoing pleading to be

filed using the Court's CM/ECF system, which effected service on all counsel of record.

- Sarah C. Grady, sarah@loevy.com
- Rachel Elaine Brady, brady@loevy.com
- Michael W. Condon, mcondon@hcbattorneys.com
- Jason W. Rose, jrose@hcbattorneys.com
- Elizabeth A. Knight, eknight@khkklaw.com, kmeyer@khkklaw.com
- Byron D. Knight, bknight@khkklaw.com, kmeyer@khkklaw.com
- Jenna K. Throw, jthrow@khkklaw.com, dbotma@khkklaw.com

/s/ Elizabeth A. Knight